Jessica High (SBN 030502)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA  92101-4681
Telephone: +1 619 744 2200
Facsimile:  +1 619 744 2201
E-mail: jhigh@duanemorris.com

Attorneys for Plaintiff
SCOTT SERIO

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCOTT SERIO,<br><br>             Plaintiff,<br><br>       v.<br><br>FAN FAIR INC. d/b/a MARIN COUNTY SPORTS, and JEFFREY KRANZ,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Scott Serio ("Plaintiff"), by his undersigned attorneys, Duane Morris LLP, for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501 *et seq*. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff Scott Serio is an individual doing business as Eclipse Sportswire, with an office address at 7 Spring Knoll Ct., Colora, Maryland 21917.

3. Upon information and belief, defendant Fan Fair, Inc. doing business as "Marin County Sports"  ("Fan Fair") is a corporation organized under the laws of Arizona with a principal

place of business at 519 W. Lone Cactus Drive, Suite 201, Phoenix, Arizona 85027.

4.     Upon information and belief, Defendant Jeffrey Kranz (together with Fan Fair, "the Defendants") is a citizen of the State of Arizona and is the Owner and President of Fan Fair.

5.     Upon information and belief, at all times relevant to the claims asserted in this lawsuit, the Defendants owned and operated an Internet-based retail store on eBay using the account name "marincountysports" to promote and sell merchandize.

## JURISDICTION AND VENUE

6.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

7.     Personal jurisdiction over Defendants is proper.  Defendants solicit, transact, and/or are doing business on an ongoing basis within the State of Arizona and within this Judicial District including, without limitation, by creating, offering for sale, selling, and/or advertising its infringing products on the eBay website and derive substantial revenue from such sales.  At all material times, Defendants have conducted business at a principal office address in this Judicial District and Defendants have committed torts in this state including, without limitation, Defendants' copyright infringement, which causes harm in this state and Judicial District.

8.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this Judicial District and because Defendant is subject to personal jurisdiction in this Judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.     <u>Plaintiff's Business</u>

9.     Plaintiff is a professional photographer in Maryland and, through his business, creates and licenses photographic images for various uses.

10.    Plaintiff creates and licenses editorial photographic images for many sports but is particularly renowned for his horse racing photography.  Among the many stunning photographs created by Plaintiff, Plaintiff is the original author of a photographic image of the Triple Crown

winning horse American Pharaoh taken in May 2015 (the "Copyrighted Work").

11.     Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work. Attached hereto as **Exhibit A** is a copy of the Copyrighted Work.

12.     Effective as of July 2, 2015, Plaintiff obtained a timely registration with the United States Copyright Office for a collection of photographic images titled, "Group Registration Photos, Scott Serio American Pharaoh 2015, Published May. 03, 2015 to Jun. 20, 2015; 194 photos," which included the Copyrighted Work (identified in that copyright registration as a100150516eswmedia_04735). Attached hereto as **Exhibit B** is a copy of the Certificate for Registration Number VA 1-974-674 and Form CA For Supplementary Registration Number VA 1-436-490 obtained from the United States Copyright Office.

13.     Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

14.     Plaintiff has the exclusive right to reproduce, display, and distribute the Copyrighted Work, and to prepare derivative works based upon the Copyrighted Work.

B.      <u>Defendants' Unlawful Activities</u>

15.     Upon information and belief, Defendants operated and continue to operate an Internet store through the eBay website using the trade name Marin County Sports and located at the URL http://stores.ebay.com/marincountysports/ where Defendants have sold and continue to sell, among other items, sports memorabilia.

16.     Plaintiff has discovered instances in which Defendants have infringed Plaintiff's exclusive copyrights in the Copyrighted Work.

17.     Specifically, upon information and belief, Plaintiff discovered that Defendants infringed upon Plaintiff's copyright by obtaining unauthorized copies of the Copyrighted Work, creating unauthorized reproductions and derivative works of the Copyrighted Work, displaying unauthorized reproductions and derivative works of the Copyrighted Work on eBay, and distributing unauthorized reproductions and derivative works of the Copyrighted Work while located in Arizona.

18.     Upon information and belief, the Defendants infringed upon Plaintiff's copyright by creating, publicly displaying, and distributing unauthorized reproductions and derivative works of the Copyrighted Work by and through Defendants' eBay store.

19.     Defendants' creation, public display and distribution of reproductions, and derivative works of the Copyrighted Work is without Plaintiff's permission.  Copies of screenshots demonstrating Defendants' unauthorized use ("Infringing Works") are attached hereto as **Exhibit C**.

## CLAIM FOR RELIEF

## DIRECT COPYRIGHT INFRINGEMENT

## (17 U.S.C. § 101 *et seq.*)

1.     Plaintiff realleges paragraphs 1 through 19 above and incorporates them by reference as if fully set forth herein.

2.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.  Plaintiff exclusively owns all rights, title, and interest in and to the copyrights in the Copyrighted Work.

3.     Upon information and belief, as a result of Plaintiff's publication of the Copyrighted Work and Defendants' creation of a derivative work, Defendants had access to the Copyrighted Work prior to the creation, reproduction, public display, and distribution of the Infringing Works.

4.     Defendants have infringed and violated Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act, 17 U.S.C. § 501 *et seq.*, by copying, reproducing, distributing, publicly displaying, and creating derivative works based on the Copyrighted Work.

5.     Upon information and belief, Defendants' infringement of Plaintiff's copyrights is willful and deliberate and Defendants have profited at the expense of the Plaintiff.

6.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Copyrighted Work infringed or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, and at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on Plaintiff's lost profits and the disgorgement of Defendants' profits in connection with its

infringements of Plaintiff's exclusive rights in the Copyrighted Work, which amounts will be proven at trial.

7. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

8. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

WHEREFORE, Plaintiff demands judgment in his favor as follows:

1. A declaration that Defendants have infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. A disclosure of all Infringing Works and full accounting of all items sold by Defendants that display the Copyrighted Work, in whole or in part, or any Infringing Work;

4. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the jury or Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the jury or Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each Copyrighted Work infringed;

5. An award of such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

6. An award of Plaintiff's costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

7. An award of Plaintiff's interest, including pre-judgment interest, on the foregoing sums;

8. A permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise,

DM2\7550824.1 U2994/00017                         5
COMPLAINT FOR COPYRIGHT INFRINGEMENT                    CASE NO.:

reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity, and to destroy all copies, whether in electronic or physical form, of the Copyrighted Work and any Infringing Work; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: February 22, 2017            DUANE MORRIS LLP

By: /s/ *Jessica High*
Jessica High (SBN 030502)
Attorneys For Plaintiff
SCOTT SERIO
750 B Street, Suite 2900
San Diego, CA 92101-4681
Telephone: (619) 744-2200
Facsimile: (619) 744-2201
jhigh@duanemorris.com